FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 26 2012

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**INTERNATIONAL FIDELITY INSURANCE COMPANY**  **PLAINTIFF**

v.  Case No.  4·12-CV-0185 *BSM*

**HUMISTON GARRETT STUBBS, PLLC**
**and CHASEN B. GARRETT**  **DEFENDANT**

This case assigned to District Judge *Miller*
and to Magistrate Judge *Volpe*

## COMPLAINT

Comes now Plaintiff, International Fidelity Insurance Company (IFIC), and for its claims against Humiston Garrett Stubbs, PLLC (HGS) and Chasen B. Garrett (Garrett) states:

### Parties and Jurisdiction

1.    IFIC is a corporation organized and existing under the laws of New Jersey.  Its principal place of business is located in Newark, New Jersey.  IFIC is authorized to do business in Arkansas.

2.    HGS is a professional limited liability company organized and existing under the laws of Arkansas.  The principal place of business of HGS is located in Fort Smith, Arkansas.

3.    Garrett is an individual, adult resident of Muldrow, Oklahoma.

4.    The Court has jurisdiction of the subject matter under the authority of 28 U.S.C.§1332 because there is complete diversity of citizenship between the parties and

the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5.     The venue of this action is proper under the authority of 28 U.S.C.§1391 (a) (2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## Factual Allegations

6.     In 2008 HGS, a professional limited liability company engaged in the architectural profession by and through Garrett - a duly licensed architect and its duly authorized agent and member - prepared plans for a new Country Inn and Suites motel/hotel in Conway, Faulkner County, Arkansas.

7.     The plans prepared by Garrett were distributed to TriBuilt Construction Group, LLC (TriBuilt), a construction firm, and NISHA, LLC (NISHA), the owner of the proposed motel/hotel in Conway, Arkansas.   These plans are not attached because they are voluminous and bulky, however, they will be produced upon request.

8.     In August, 2008 TriBuilt, as general contractor, and NISHA, as owner, entered into a construction contract requiring TriBuilt to construct the Country Inn and Suites hotel (Facility) and related improvements in Conway, Arkansas in strict compliance with the plans prepared by HGS and Garrett in exchange for the stipulated sum of $3,628,000.00. A true copy of this contract, as amended on September 4, 2008 and October 15, 2008 is attached as Exhibit A.

9.     Under the terms of the Exhibit A contract, as amended, TriBuilt agreed to construct the facility in eight phases per Work Orders issued by NISHA.  IFIC agreed to issue eight

sets of performance and payment bonds concurrently as each Work Order was completed. The Exhibit A contract contemplated completion of construction some 9 months following issuance of the building permit.  The building permit was issued on September 9, 2008.

10.     TriBuilt began construction of the facility in September 2008, and continuously worked on constructing the facility from September, 2008 through September,2009. During construction NISHA issued eight Work Orders.  True copies of these work orders are attached as Exhibit B.  IFIC issued eight sets of performance and payment bonds. True copies of these bonds are attached as Exhibit C.

11.     The City of Conway issued its Certificate of Occupancy for the motel/hotel on August 21, 2009.  NISHA began accepting guests on or about September 1, 2009.

12.     NISHA and Garrett did not enter into an agreement requiring HGS and Garrett to perform construction administration duties while TriBuilt constructed the Facility, however, Garrett performed administrative services during construction.

13.     The services HGS and Garrett agreed to perform during construction were services related to clarification of the drawings prepared by Garrett, however, Garrett performed other services on NISHA's behalf during construction.

14.     From time to time during construction TriBuilt asked Garrett questions about the drawings.  One of these questions was whether interior shear walls could be constructed in a particular way because the drawings were unclear.

15.     In response to TriBuilt's question mentioned in paragraph fourteen herein Garrett responded in the affirmative and accepted TriBuilt's suggestion on behalf of

NISHA.

16.     HGS and Garrett owed IFIC the legal and contractual duty of performing architectural services during construction in a competent and skilled manner.

17.     HGS and Garrett breached the legal and contractual duty owed IFIC by approving construction of the shear walls as proposed by TriBuilt without analyzing or determining whether such construction was appropriate, safe and in accordance with normal engineering guidelines.

18.     The shear walls as approved by Garrett and constructed by TriBuilt were not constructed in accordance with accepted structural engineering practice.

19.     IFIC, as surety for TriBuilt, has and will suffer damages proximately caused by the breaches of legal and contractual duties on the part of HGS and Garrett.

20.     During construction Garrett visited the construction site and observed floor trusses being used in the construction of the Facility which were not in accordance with the plans prepared by Garrett.

21.     Garrett owed IFIC the contractual and legal duty of rejecting the floor trusses being used by TriBuilt, and recommending to NISHA that future payments to TriBuilt be suspended or reduced due to the non-conforming floor trusses.

22.     HGS and Garrett breached their contractual and legal duty by approving full progress payments to TriBuilt in writing with knowledge of the non-conforming trusses.

23.     IFIC has suffered damages proximately caused by HGS and Garrett's approval of payment to TriBuilt for non-conforming trusses.

## **Relief Requested**

24.   IFIC is entitled to have and recover judgment against Garrett and HGS in an amount in excess of $300,000.00 for Garrett's negligence and breach of contract.

25.   IFIC demands a trial by jury.

**WHEREFORE**, International Fidelity Insurance Company prays the Court enter judgment in its favor against defendants Humiston Garrett Stubbs, PLLC and Chasen B. Garrett, jointly and severally, in the sum of $300,000.00 together with interest as allowed by law and the costs of this action, including or reasonable attorney fee, and for all other appropriate relief.

Jack East III
2725 Cantrell Road, Ste. 202
Little Rock, AR 72202
(501) 372-3278
Bar ID No. 75-036

# FIXED CONTRACT AMOUNT

THIS AGREEMENT, Made as of August 8, 2008

Between the Owner:    Andy Patel, Managing Member
NISHA, LLC
1850 John Harder Drive
Jacksonville, AR  72076
(501) 952-6574

And the Contractor:    TriBuilt Construction Group, LLC
License #018112
PO Box 12021
4941 Old Greenwood Road
Fort Smith, AR 72917
(479) 648-8850

For the Project:    Country Inns and Suites
750 Amity Road
Conway, AR 72032

Construction Lender:

## ARTICLE 1.    CONTRACT DOCUMENTS

1.1      The contract documents consist of this agreement, general conditions, construction documents, specifications, allowances, finish schedules, construction draw schedule, information disclosure statement, signed bid proposal, all addenda issued prior to execution of this agreement and all change orders or modifications issued and agreed to by both parties. All documents noted herein shall be provided to the Contractor by the Owner. These contract documents represent the entire agreement of both parties and supersede any prior oral or written agreement.

## ARTICLE 2.    SCOPE OF WORK

2.1      The Owner agrees to engage the Contractor to construct the above mentioned structure and fixtures attached thereto in City of Conway, in Faulkner County, Arkansas according to the construction documents, allowances, finish schedules, all addenda, change orders, modifications and specifications set forth in the specification booklet.

## ARTICLE 3.    TIME OF COMPLETION

3.1      The approximate commencement date of the project shall be August 21ˢᵗ, 2008. The approximate completion date of the project shall be May 30ᵗʰ, 2009. The project timeline will be 9 months from the date of the issuance of the building permit. Completion will be based on completing the scope of work agreed in this contract and the issuance of the Certificate of Occupancy and Franchise Inspection and Approval. However any change orders and/or unusual weather might delay or otherwise affect the completion date. Barring inclement weather or owner related delays, the Contractor shall pay liquidated damages of $1000 per day if the project is not completed within 9 months. The Owner agrees to pay the Contractor $1000 per day for each day the project is completed before completion date. The contract

EXHIBIT

A

BANK - 0849                    Initialed by: Owner _A.C_ Contractor _____

Fixed Contract Amount
Country Inns and Suites
Page 2 of 5

execution date shall be August 5th, 2008.

## ARTICLE 4.   THE CONTRACT PRICE

4.1     The purchase price of the project shall be set at the sum of **Three Million Six Hundred Twenty Eight Thousand Dollars, ($3,628,000.00)**, subject to additions and deductions pursuant to authorized change orders and allowances.

4.2     The Owner and the Contractor acknowledge that the Owner will pay a sum of **Thirty Six Thousand and Two Hundred Eighty Dollars, ($36,280.00)** upon signing of this contract and before construction begins as a deposit against first progress billing to cover initial mobilization expenses.

4.3     The Owner will retain 10% retainage against all Contractor draw requests with a cap of **$250,000**.

## ARTICLE 5.   PROGRESS PAYMENTS

5.1     The Owner will make payments to the contractor pursuant to the attached statement of values and payment schedule as work required by said schedule is satisfactorily completed. Owner shall make draw payments to contractor per the 22/10 policy (AIA invoiced by the 22nd of each month and payment made the Contractor on or before the 10th of the following month) as a standard for payment. This payment cycle to recur each month during construction until final payment has been made. Owner shall make payment on or before the 10th of each month or after the 10th there will be a penalty charge of 9% annually upon the unpaid amount. If lien waivers are not submitted with pay requests then progress payment may be delayed.

5.2     If payment is not received by the Contractor within 10th after delivery of payment demand for work satisfactorily completed, contractor shall have the right to stop work or terminate the contract at his option. Termination by Contractor under the provisions of this paragraph shall not relieve the Owner of the obligations of payments to Contractor for that part of the work performed prior to such termination. Termination by Owner under the provisions of this paragraph shall not relieve the Owner of the obligations of payments to Contractor for that part of the work performed prior to such termination.

## ARTICLE 6.   DUTIES OF THE CONTRACTOR

6.1     All work shall be in accordance to the provisions of the plans and specifications. All systems shall be in good working order. Contractor may make substitute items on plans and specs as long as it meets all codes and Carlson standards. Contractor will provide submittals for Owner and Architects review.

6.2     All work shall be completed in a workman like manner, and shall comply with all applicable current national, state and local building codes and laws.

6.3     All work shall be performed by licensed individuals to perform their said work, as outlined by law.

6.4     Contractor shall remove all construction debris and leave the project in a broom clean condition.

6.5     Upon satisfactory payment being made for any portion of the work performed, Contractor shall furnish a full and unconditional release from any claim or mechanics' lien for that portion of the work for which payment has been made. Contractor will also supply Owner will sub-contractor progress billing lien releases as payments are made.

**BANK - 0850**            Initialed by: Owner _____ Contractor _____

Fixed Contract Amount
Country Inns and Suites
Page 3 of 5

6.6     Contractor agrees to be responsible for all sales tax for materials and services for this project to include out of state purchases.

## ARTICLE 7.    OWNER

7.1     The Owner shall communicate with subcontractors only through the Contractor.

7.2     The Owner will not assume any liability or responsibility, nor have control over or charge of construction means, methods, techniques, sequences, procedures, or for safety precautions and programs in connection with the project, since these are solely the Contractor's responsibility.

## ARTICLE 8.    CHANGE ORDERS AND FINISH SCHEDULES

8.1     A Change Order is any change to the original plans and/or specifications. All change orders need to be agreed upon in writing, including cost, additional time considerations, approximate dates when the work will begin and be completed, a legal description of the location where the work will be done and signed by both parties.  50% of the cost of each change order will be paid prior to the change, with the final 50% paid upon completion of the change order.  A 5% fee shall be added to all change orders and overages in excess of initial allowances.  Additional time needed to complete change orders shall be taken into consideration in the project completion date.  Change owners must be approved by the Owner, the Owner's Lender and the Contractor.

8.2     Contractor shall provide owner will finish selections and Owner shall select all finishes.  These items include: interior paint colors, wall paper, granite colors, tile, millwork stain, VCT and cove base, and trim colors.  Certain items will be selected from Contractor supplied budget categories, such as: granite, tile and cultured marble.

8.3     Finish Selection Schedules and owner selected items shall be submitted to the Contractor within 10 days of submittals being provided to the Owner and Architect for review.

8.4     Any delays or changes in finish selection schedules will delay the projected completion date and will not penalize the contractor.

## ARTICLE 9.    INSURANCE

9.1     The Owner will keep in force a Builder's Risk Insurance Policy on the said property to protect both owner's and contractor's interest until construction is completed.

9.2     The Owner will purchase and maintain property insurance to the full and insurable value of the project, in case of a fire, vandalism, malicious mischief or other instances that may occur.

9.3     The Contractor shall purchase and maintain needed Workman's Compensation and Liability insurance coverage as required by law and deemed necessary for his own protection.  Contractor will add Owner as additional insured.

9.4     The Contractor shall provide a performance bond or other necessary guarantee to satisfy the Owners lender of Contractors ability to complete the above project.

## ARTICLE 10.    GENERAL PROVISIONS

10.1    If conditions are encountered at the construction site which are subsurface or otherwise concealed physical conditions or unknown physical conditions of an unusual nature, which differ naturally from

**BANK - 0851**          Initialed by: Owner _A.C_  Contractor

Fixed Contract Amount
Country Inns and Suites
Page 4 of 5

those ordinarily found to exist and generally recognized as inherent in construction activities, the Owner will promptly investigate such conditions and, if they differ materially and cause an increase or decrease in the Contractor's cost of, and/or time required for, performance of any part of the work, will negotiate with the Contractor an equitable adjustment in the contract sum, contract time or both.

## ARTICLE 11.   HAZARDOUS MATERIALS, WASTE AND ASBESTOS

11.1    Both parties agree that dealing with hazardous materials, waste or asbestos requires specialized training, processes, precautions and licenses. Therefore, unless the scope of this agreement includes the specific handling, disturbance, removal or transportation of hazardous materials, waste or asbestos, upon discovery of such hazardous materials the Contractor shall notify the Owner immediately and allow the Owner to contract with a properly licensed and qualified hazardous material contractor. Any such work shall be treated as a Change Order resulting in additional costs and time considerations.

## ARTICLE 12.   ARBITRATION OF DISPUTES

12.1    Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Construction Industry Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

## ARTICLE 13.   WARRANTY

13.1    At the completion of this project, Contractor shall execute an instrument to Owner warranting the project for one (1) year from the issuance of the Certificate of Occupancy against defects in workmanship or materials utilized. The manufacturers warranty will prevail. No legal action of any kind relating to the project, project performance or this contract shall be initiated by either party against the other party after one (1) year beyond the completion of the project or cessation of work.

## ARTICLE 14.   TERMINATION OF THE CONTRACT

14.1    Should the Owner or Contractor fail to carry out this contract, with all of its provisions, the following options and stipulations shall apply:

14.1.1  If the Owner or the Contractor shall default on the contract, the non-defaulting party may declare the contract is in default and proceed against the defaulting party for the recovery of all damages incurred as a result of said breach of contract, including a reasonable attorney's fee. In the case of a defaulting Owner, the Earnest money herein mentioned shall be applied to the legally ascertained damages.

14.1.2  In the event of a default by the Owner or Contractor, the non-defaulting party may state his intention to comply with the contract and proceed for specific performance.

14.1.3  In the case of a defaulting Owner, the Contractor may accept, at his option the earnest money as shown herein as liquidated damages, should earnest money not cover the expenses to date, the Contractor may make claim to the Owner for all work executed and for proven loss with respect to equipment, materials, tools, construction equipment and machinery, including reasonable overhead, profit and damages applicable to the property less the earnest money.

**BANK - 0852**                    Initialed by: Owner _____ Contractor _____

Fixed Contract Amount
Country Inns and Suites
Page 5 of 5

ARTICLE 15.   ATTORNEY FEES

15.1     In the event of any arbitration or litigation relating to the project, project performance or this contract, the prevailing party shall be entitled to reasonable attorney fees, costs and expenses.

ARTICLE 16.   ACCEPTANCE AND OCCUPANCY

16.1     Upon completion, the project shall be inspected by the Owner and the Contractor, and any repairs necessary to comply with the contract documents shall be made by the Contractor.

16.2     Retainage and any final balances due to the Contractor will be released within 30 days of issuance of Certificate of Occupancy and satisfactory inspection by Carlson- Country Inns and Suites.

16.3     Owner agrees that the Contractor will be authorized to request and receive payment directly from Owners Lender for any outstanding balance due upon completion (ie retainage, change orders).  This authorization is only for the final payment due to the Contractor, and requires that the Contractor has satisfied item 16.2.  Owner agrees to execute any document, prior to beginning construction that the lender may require, in order to release final payment to the Contractor.

16.3     Contractor agrees to provide the Owner or the Owner's Lender all final unconditional lien waivers upon receipt of final payment of the outstanding balance.

WITNESS our hand and seal on this ____8th____ day of __Aug_____ , 20_08_

Signed in the presence of:

_____          _____
Witness                                              Witness

_____, Managing Member          _____
Contractor Signature - Title                      Owner Signature - Title

BANK - 0853

Initialed by: Owner_____ Contractor_____

# GENERAL CONDITIONS

THIS AGREEMENT, Made as of August 5, 2008,

Between the Owner:    Andy Patel, Managing Member
NISHA, LLC
1850 John Harder Drive
Jacksonville, AR 72076
(501) 952-6574

And the Contractor:    TriBuilt Construction Group, LLC
License #018112
PO Box 12021
4941 Old Greenwood Road
Fort Smith, AR 72917
(479) 648-8850

For the Project:    Country Inns and Suites
750 Amity Road
Conway, AR 72032

## ARTICLE 1.   CONTRACT DOCUMENTS

1.1      The contract documents consist of the contract, general conditions, construction documents, specifications, allowances, finish schedules, construction draw schedule, information disclosure statement, all addenda issued prior to execution of this agreement and all change orders or modifications issued and agreed to by both parties.  The intent of the Contract Documents is to include all items necessary for the proper execution and completion of the work by the Contractor.   The Contract Documents are complimentary, and what is required by one shall be as binding as if required by all. Performance by the Contractor shall be required only to the extent consistent with the Contract Documents and reasonably inferable from them as being necessary to produce the intended results.

1.2      The Contract Documents shall not be construed to create a contractual relationship of any kind (1) between the architect and contractor, (2) between the owner and a subcontractor or sub-subcontractor or (3) between any persons or entities other than the owner and contractor.

1.3      The term "work" means the construction and services required by the Contract Documents, whether completed or partially completed, and includes all other labor, materials, equipment and services to be provided or to be provided by Contractor to fulfill the Contractor's obligations.  The work may constitute the whole or a part of the project.

1.4      The drawings, specifications and other documents furnished by the Contractor are instruments of service and shall not become property of the owner whether or not the project for which they are made is commenced.  Drawings, specifications and other documents furnished by the Contractor shall not be used by the owner on other projects, for addition to this project or, unless the Contractor is in default of this contract, for completion of this project by others, except by written agreement relating to use, liability and compensation.

1.5      Submission or distribution of documents to meet official regulatory requirements or for other purposes in connection with the project is not to be construed as publication in derogation of the

BANK - 0854

Initialed by: Owner _____ Contractor _____

Fixed Contract Amount
Country Inns and Suites
Page 2 of 6

contractor's common law copyrights or other reserved rights. The Owner shall own neither the documents not the copyrights.

## ARTICLE 2.   OWNER

2.1     The Owner shall furnish all necessary surveys and a legal description of the site.

2.2     The Owner shall secure and pay for all necessary approvals, permits, easements, assessments and charges required for the construction, use or occupancy of permanent structures or permanent changes in existing facilities.

2.4     If the Owner observes or otherwise becomes aware of a fault or defect in the work or any nonconformity with the design or Construction Documents, the Owner shall give prompt written notice to the Contractor.

2.5     The Owner shall furnish required information and services and shall promptly render decisions (within 10 days of request of the Contractor) pertaining there to avoid delay in the orderly progress of the design and construction.

2.6     The Owner shall, at the request of the Contractor, provide a certified or notarized statement of funds available for the project and their source.

2.7     The Owner shall communicate with the subcontractors only through the Contractor.

2.8     The Owner will not have control over or charge of and will not be responsible for construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the work, since these are solely the Contractor's responsibility.

2.9     The Owner will choose all finish selections, fixtures and equipment to be in budget with the allowances. Any overage or under will be calculated at the completion of the project. The allowances will include material, shipping and where noted installation costs.

## ARTICLE 3.   CONTRACTOR

3.1     The Contractor shall supervise and direct the work, using the Contractor's best skills and attention. The Contractor shall be solely responsible for and have control over construction means, methods, techniques, sequences and procedures and for coordinating all portions of the work under the contract.

3.2     Unless Contract Documents give other specific instructions concerning these matters, the Contractor shall provide and pay for all labor, materials, equipment, tools, construction equipment and machinery, water, heat, utilities, transportation and other facilities and services necessary for the proper execution and completion of the work, whether temporary or permanent and whether or not incorporated or to be incorporated in the work.

**BANK - 0855**                  Initialed by: Owner _____ Contractor _____

Fixed Contract Amount
Country Inns and Suites
Page 3 of 6

3.3    The Contractor shall enforce strict discipline and good order among the contractor's employees and other persons carrying out the contract. The Contractor shall not permit employment of unfit persons or persons not skilled in tasks assigned to them.

3.4    The Contractor warrants to the owner that materials and equipment furnished under this contractor will be of good quality and new unless otherwise required or permitted by the Contract Documents, that the work will be free from defects not inherent in the quality required or permitted and that the work will conform with the requirements of the Contract Documents. Work not conforming to these requirements, may be considered defective. The Contractor's warranty excludes remedy for damage or defect caused by abuse, modification not executed by the Contractor, improper or insufficient maintenance, improper operation, or normal wear and tear under normal usage. If required by the Owner, the Contractor shall furnish satisfactory evidence as to the kind and quality or materials and equipment.

3.5    Unless otherwise provided in the Contract Documents, the Contractor shall pay sales, consumer, use and other similar taxes which are legally enacted when bids are received or negotiations concluded, whether or not yet effective or merely schedules to go into effect, and shall secure and pay for the building permit and other permits and Governmental fees, licenses and inspections necessary for proper execution and completion of the work.

3.6    The Contractor shall comply with and give notices required by laws, ordinances, rules and regulations, and lawful orders of public authorities bearing on performance of the work. The Contractor shall promptly notify the Owner if the drawings and specification are observed by the contractor to be at a variance therewith.

3.7    The Contractor shall be responsible to the Owner for the acts and omissions of the Contractor's employees, subcontractors and their agents and employees, and other persons performing portions of the work under a contract with the Contractor.

3.8    Design services shall be performed by a qualified professional selected and paid by the Owner. The professional obligations of such persons shall be undertaken and performed in the interest of the Contractor. Construction services shall be performed by qualified subcontractors and suppliers, selected and paid by the Contractor. There shall be no professional obligation or contractual relationship between such persons and the Owner.

3.9    The Contractor shall keep the Owner informed of the progress and quality of the work on a bi-weekly basis.

ARTICLE 4.    RELATIONSHIP OF BOTH PARTIES

4.1    The Contractor accepts the relationship of trust and confidence established by this agreement and covenants with the Owner to cooperate with the Owner and utilize the Contractors best skill, efforts and judgment in furthering the interests of the Owner; to furnish efficient business administration and supervision; to make best efforts to furnish at all times an adequate supply of workers and materials, and to perform the work in the best way and most expeditious and economical manner consistent with the interests of the Owner. The Owner agrees to exercise best efforts to enable the Contractor to perform the work in the best way and most expeditious manner by furnishing and approving in a timely way information required by the Contractor and making payments to the Contractor in accordance with the requirements of the Contract Documents.

BANK - 0856

Initiated by: Owner_____ Contractor_____

Fixed Contract Amount
Country Inns and Suites
Page 4 of 6

## ARTICLE 5.   UNKNOWN CONDITIONS

5.1      If conditions are encountered at the site which are:
(1) Subsurface or otherwise concealed physical conditions which differ materially from those indicated in the Contract Documents
(2) Unknown physical conditions of an unusual nature, which differ materially from those ordinarily found to exist and generally recognized as inherent in construction activities of the character provided for in the construction documents, then notice by the observing party shall be given to the other party promptly before conditions are disturbed and in no event later than 21 days after the first observance of the conditions.  The Owner will promptly investigate such conditions and will negotiate with the Contractor an equitable adjustment in the contract sum, contract time or both.

5.2      If the Contractor wished to make claim for an increase in the contract sum, written notice as provided herein shall be given to the Owner before proceeding to execute the work.  Prior notice is not required for claims relating to an emergency endangering life or property.  If the Contractor believes additional cost is involved for reasons including but not limited to:
(1) A written interpretation from the Owner
(2) An order by the Owner to stop the work where the Contractor was not at fault
(3) A written order for a change in the work issued by the Owner
(4) Failure of payment by the Owner
(5) Termination of the Contract by the Owner, except for Contractor default
(6) Owner's suspension
(7) Other reasonable grounds, claims shall be filed in accordance with the procedures established herein.

5.3      If the Contractor wishes to make claim for an increase in the contract time, written notice as provided herein shall be given.  The Contractor's claims shall include an estimate of cost and of probable effect of delay on progress of the work.  In the case of a continuing delay, only one claim is necessary.

5.4      If adverse weather conditions are the basis for a claim for additional time, such claim shall be documented by data substantiating that weather conditions were abnormal for the period of time and could not have been reasonably anticipated, and that weather conditions has an adverse effect on the scheduled construction.

5.5      If either party to the contract suffers injury or damage to person or property because of an act or omission of the other party, any of the other party's employee's or agents, or of others for whose acts such party is legally liable, written notice of such injury or damage, whether insured of not, shall be given to the other party within a reasonable time not exceeding 21 days after first observance.  The notice shall provide sufficient detail to enable the other party to investigate the matter.  If a claim for additional cost or time related to this claim is to be asserted, it shall be filed as provided in subparagraphs 5.2 and 5.3.

## ARTICLE 6.   CHANGES IN THE WORK

6.1      A Change Order is a written order signed by the Owner and the Contractor, and issued after execution of the contract, authorizing a change in the work or adjustment in the contract sum or contract time.  The contract sum and time can only be modified by a change order.

**BANK - 0857**

Initialed by: Owner_____ Contractor_____

Fixed Contract Amount
Country Inns and Suites
Page 5 of 6

6.2    The Owner without invalidating the contract may order changes in the work within the general scope of the original contract consisting of additions, deletions or other revisions and the contract sum and contract time shall be adjusted accordingly. Such changes in the work shall be authorized by a change order, and shall be performed under applicable conditions of the contract documents.

6.3    If the Owner requests the Contractor to submit a proposal for a change in the work and then elects not to proceed with the change, a change order shall be issued to reimburse the Contractor for any costs incurred for design services.

6.4    The Contractor shall be compensated for changes in the work necessitated by the enactment or revisions or codes, laws or regulations subsequent to the submission of the Contractor's proposal.

ARTICLE 7.    TIME

7.1    Time Limits stated in the contract documents are of the essence of the contract. By executing the agreement the Contractor confirms that the contract time is a reasonable period for performing the work.

7.2    If the Contractor is delayed at any time in the progress of the work by changes ordered in the work, by labor disputes, fire, unusual delays in deliveries, abnormal adverse weather conditions not reasonably anticipated, unavoidable events or any causes beyond the Contractors control, or by other causes which the owner or the Contractor determine may justify a delay, then the contract time shall be extended by change order for such reasonable time as the Owner and the Contractor may negotiate.

7.3    The date of substantial completion of the work, or the portion thereof is the date certified by the Contractor when construction is sufficiently complete, in accordance with the contract documents, so the Owner can occupy or utilize the work or designated portion thereof for the use for which it is intended, as expressed in the contract documents.

ARTICLE 8.    CORRECTION OF WORK

8.1    The Contractor shall promptly correct work failing to conform to the contract documents, whether observed before or after substantial completion and whether or not fabricated, installed or completed and shall correct work found not to be in accordance with the requirements of the contract documents within a period of one year from the date of substantial completion of the contract or by terms of an applicable special warranty required by the contract documents. The provisions of this article apply to work done by subcontractors as well as to work done by direct employees of the Contractor.

8.2    The Contractor shall complete the construction of the project to the dimensions of the construction documents; however there could be a variance in the field of up to 6", based on site conditions, materials used, or other encumbrances not known.

ARTICLE 9.    TERMINATION OF THE CONTRACT

**BANK - 0858**

9.1    If the Owner fails to schedule a "Closing" with the Contractor on the work, for a period of 14 days after the certificate of substantial completion has been issued, through no fault of the Contractor, the Contractor may, upon 7 additional days written notice to the Owner, terminate the contract and recover

Initialed by: Owner_____ Contractor_____

Fixed Contract Amount
Country Inns and Suites
Page 6 of 6

from the owner payment for all work executed and for proven loss with respect to equipment, materials, tools and construction equipment and machinery, including reasonable overhead, profit and damages applicable to the project.

ARTICLE 10. ACCEPTANCE

By execution of this document, I agree to have read and fully understand all statements and implications of this document. I agree to explicitly abide by and follow the above conditions as listed in this agreement.

TRIBUILT CONSTRUCTION GROUP, LLC

Contractor's Signature - Title    Managing Member     8/8/08
                                                        Date

Owner's Signature – Title    A.c. Patel    Managing Member     08/08/08
                                                        Date

BANK - 0859

Initialed by: Owner _A.c_____ Contractor ____

# LIMITED WARRANTY

THIS AGREEMENT, Made as of August 8, 2008

| | |
|---|---|
| Between the Owner: | **Andy Patel, Managing Member**<br>**NISHA, LLC**<br>**1850 John Harder Drive**<br>**Jacksonville, AR 72076**<br>**(501) 952-6574** |
| And the Contractor: | **TriBuilt Construction Group, LLC**<br>**License #018112**<br>**PO Box 12021**<br>**4941 Old Greenwood Road**<br>**Fort Smith, AR 72917**<br>**(479) 648-8850** |
| For the Project: | **Country Inns and Suites**<br>**750 Amity Road**<br>**Conway, AR 72032** |

WHEREAS, Contractor has built a Project located in the County of Faulkner, State of Arkansas, at the above mentioned property address and

WHEREAS, Contractor does hereby agree to give a limited warranty on the Project located at the above property for a period of one (1) year following occupancy by the Owner, whichever comes first, upon the following condition.

NOW THEREFORE, in consideration of the payment of the purchase price of the Project, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and the premises and agreements hereinafter set fort, the parties hereby agree as follows:

1. Not later than thirty (30) days after closing or occupancy, which ever come first, the Owner shall deliver a written list of any minor omissions or malfunctions not previously made known in writing to the Contractor. To the extent that such items are a normal Contractor responsibility or not otherwise excluded hereunder, corrections or adjustments will be made by the Contractor.

2. Contractor warrants the above Project to be free from latent defects for a period of one (1) year following occupancy, whichever event shall first occur. A latent defect in construction is herein defined as a defect not apparent at time of occupancy or closing, but which becomes apparent within one (1) year from date of closing or occupancy, whichever event shall first occur, and such defect has been directly caused by Contractor's failure to construct in accordance with the standard of construction prevailing in the geographical area of the Project. It is stressed, however, that normal characteristic behavior of building materials, wear and tear, general maintenance, and like items, will not constitute a latent defect.

PROCEDURE: Should it appear that a possible latent defect (non-emergency nature) has developed, Owner shall outline pertinent details in writing, and deliver same to Contractor. Following receipt of such notice, Contractor will make an inspection. If a latent defect exists, the Contractor will (at Contractor's sole option) either (1) repair, (2) replace, or (3) pay to Owner the comparable cost of such repair or replacement due to such latent defects(s); however, Contractor

**BANK - 0860**          Initialed by: Owner _____ Contractor _____

Limited Warranty
Country Inns and Suites
Page 2 of 3

shall not be obligated to spend more than the purchase price of the Project less the value of the land upon which the Project is situated.

Notwithstanding anything to the contrary stated herein. This warranty does not cover any appliance, piece of equipment, or item which is a consumer product for purposes of the Magnuson-Moss Warranty Act (15 USC, 2301 through 2312.)

This warranty is given in lieu of any and all other warranties, either expressed or implied, including any implied warranty or merchantability, fitness for a particular purpose, habitability and workmanship, except, if applicable, such warranty as specifically stated in any required VA/FHA warranty delivered simultaneously herewith.

3. The Contractor shall not be liable under this Agreement unless written notice of the latent defect shall have been given by Owner to Contractor within one (1) year warranty period. Steps taken by the Contractor to correct any defect or defects shall not act to extend the warranty period described hereunder.

4. The Owner shall have 90 days after expiration of the one (1) year warranty period to bring any legal action hereunder.

5. Contractor hereby assigns to Owner all of Contractor's rights, if any, under manufactures warranties on appliance and items of equipment included in the Project. Contractor assumes no responsibility for such manufacturers warranties and Owner should follow the procedures in these warranties if defects appear in such appliances and items of equipment.

6. Contractor does not assume responsibility for any of the following, all of which are expressly excluded from coverage under this Limited Warranty:
   A. Defects in appliances or equipment which are covered by a manufacturer's warranty.
   B. Incidental, consequential, or secondary damages caused by a breach of this warranty.
   C. Defects which are the result of characteristics common to the materials used, such as (but not limited to) warping and deflection of wood; mildew and fading, chalking and checking of paint due to sunlight; cracks due to drying and curing of concrete, stucco, plaster, bricks and masonry; drying, shrinking and cracking of caulking and weather-stripping.
   D. Conditions resulting from condensation on, or expansion or contraction of materials.
   E. Defective design or materials supplied by Owner or installed under his direction, or Defects caused by anything not built into, or installed in the Project pursuant to contract between Contractor and Owner.
   F. Damages due to ordinary wear and tear, abusive use or lack of proper maintenance of the Project.
   G. Loss or injury due to the elements.
   H. Landscaping or any portion thereof is hereby expressly excluded from this warranty including sod, seeding, shrubs, trees and plantings.
   I. Insect damage of any nature whatsoever.
   J. Non-uniformity in appearance of used or simulated used brick.
   K. Chips, scratches or mars in tile, woodwork, walls, porcelain, brick, plumbing fixtures, plastic laminate and glass not expressly identified to Contractor prior to closing.

**BANK - 0861**

Initialed by: Owner _____ Contractor _____

Limited Warranty
Country Inns and Suites
Page 3 of 3

L. Dripping faucets and toilet adjustments after the initial thirty (30) day warranty period described herein.
M. Utility service lines installed by developer, municipality or service company and settling, back filling or slumping thereof.
N. Deterioration or defects in asphalt paving.
O. Movement, shifting, expansion or plasticity of the soils beneath the Project and changes in the underground water table and subsurface soil structures beyond Contractor's control.

All warranty work shall be scheduled during normal weekday working hours except in emergencies.

This warranty is extended only to the Owner named herein. It is not transferable to subsequent Owners of the Project.

Should any term of this Agreement be deemed by a Court of competent jurisdiction to be unenforceable, such determination shall not affect the enforceability of the remaining provisions. Use of one gender shall include all other genders; use of the singular shall include the plural; and use of the plural shall include the singular; all as may be appropriate.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the day and year first above written.

Tribuilt Construction Group, LLC

_____  Managing Member  ___8/8/08___
Contractor's Name - Title                                    Date

_A.c Patel Managing Member ___  ___08/08/08___
Owner's Name – Title                                    Date

BANK - 0862

Initialed by: Owner _A.c_____ Contractor _(AW)_

# PAYMENT SCHEDULE AND STATEMENT OF VALUES

THIS AGREEMENT, Made as of August 8, 2008

Between the Owner:    **Andy Patel, Managing Member**
**NISHA, LLC**
**1850 John Harder Drive**
**Jacksonville, AR 72076**
**(501) 952-6574**

And the Contractor:    **TriBuilt Construction Group, LLC**
**License #018112**
**PO Box 12021**
**4941 Old Greenwood Road**
**Fort Smith, AR 72917**
**(479) 648-8850**

For the Project:    **Country Inns and Suites**
**750 Amity Road**
**Conway, AR 72032**

**Payment Schedule:**    Owner agrees to pay Contractor every 30 days once construction begins. Payments will be based on a certified and completed progress billing request on form AIA Document G702 and G703 – Application and Certification for Payment. The form will be certified by the Contractor and the Owners architect. The request will be submitted on or about the 22nd of each month and the Owner agrees to release funds to the Contractor by the 10th of the following month.

**Statement of Values:**    Below are the estimated values of each category of work that the Contractor is responsible for completing:

| Project: Country Inn and Suites, Conway, AR | | Value |
|---|---|---|
| **GENERAL CONDITIONS** | | |
| TOTAL GENERAL CONDITIONS | | $184,600 |
| **SITE WORK:** | | |
| | Earthwork and Erosion Control | $75,000 |
| | Parking Lot, Approaches and Curbwork | $140,000 |
| TOTAL SITE WORK | | $215,000 |
| STRUCTURAL AND FINISHES | Concrete: | |

**BANK - 0863**

Payment Schedule
Country Inns and Suites
Page 2 of 3

| | |
|---|---|
| Foundation and Reinforcement Material | $125,000 |
| **Total Concrete** | **$125,000** |
| **Masonry:** | |
| Brick Veneer | $80,000 |
| **Total Masonry** | **$80,000** |
| **Metals:** | |
| Structural Steel and Erection | $120,000 |
| **Total Metals** | **$120,000** |
| **Wood & Plastics:** | |
| Rough Carpentry and Materials | $370,000 |
| Finish Carpentry and Materials | $130,000 |
| **Total Wood & Plastics** | **$500,000** |
| **Thermal & Moisture Protection** | |
| EFIS and Insulation | $125,000 |
| Metal Roof and EPDM | $136,000 |
| **Total Thermal** | **$261,000** |
| **Doors & Windows:** | |
| Interior Doors, Hardware and Electronic Locks | $140,000 |
| Exterior Storefront Doors and Windows | $70,000 |
| **Total Doors & Windows** | **$210,000** |
| **Finishes:** | |
| Gypsum Board, Gypcrete, Acoustic Ceiling, Paint | $272,000 |
| Tile , Cultured Marble, Granite | $100,000 |
| Carpet/Base - Installation | $63,000 |
| **Total finishes** | **$435,000** |
| **Specialties:** | |
| Louvers & Vents, Wall & Corner Guards | |
| Fire Extinguishers, Cabinets & Accessories | |
| Toilet & Bath Accessories and Installation, Pool Spa and Interior Signage | |
| **Total Specialties** | **$110,500** |
| **Equipment:** | |
| Linen Chutes | $7,900 |
| **Total Equipment** | **$7,900** |
| **Furnishings:** | |
| Case Goods Installation | $15,000 |
| **Total Furnishings** | **$15,000** |
| **Conveying System:** | |
| Hydraulic Passenger Elevators | $55,000 |
| **Total Conveying System** | **$55,000** |
| **Mechanical:** | |
| Plumbing | $390,000 |
| Fire Protection | $93,900 |
| HVAC | $252,950 |
| PTAC | $52,500 |
| **Total Mechanical** | **$789,350** |
| **Electrical:** | |

BANK - 0864

Initialed by: Owner *A.c*

Payment Schedule
Country Inns and Suites
Page 3 of 3

| | | |
|---|---|---|
| Electrical - General Provisions | | $487,000 |
| | Total Electrical | $487,000 |
| TOTAL STRUCTURAL/ FINISHES | | $3,135,750 |
| TOTAL OTHER | | $0 |
| ALLOWANCES: | | |
| Landscape & Irrigation | | $33,650 |
| TOTAL ALLOWANCES | | $33,650 |
| TOTAL COSTS | | $3,628,000 |

WITNESS our hand and seal on this _____ 7th _____ day of _____ August _____ , 20 08 .

Signed in the presence of:

_____

Witness

_____

Contractor Signature - Title

_____

Witness

_____

Owner Signature - Title

BANK - 0865

Initialed by: Owner

Date: August 5th, 2008

To:     Andy Patel, NISHA, LLC dba CIS Conway, AR

From:  Alan Harrison, TriBuilt Construction Group, LLC

RE:     GC Bid for Country Inns and Suites, Conway, AR

Memo:        Andy, below is our revised bid for the construction of the CIS located 750 Amity Road, Conway, AR 72032. Our proposal to build the hotel per our conversation and to plans and specs provided and to Carlson standards is:

$3,628,000

Our proposal is to bid the project as follows:

- Guaranteed Price Contract – this is a fixed price contract not to exceed the base price above, with the exception to excluded items and change orders.
- Completion Bonus/Penalty – the project has a nine (9) month construction time frame, from the date the building permit is issued to the date of the certificate of occupancy (all items included in the scope of work will be completed by the issuance of the CO) and inspection and approval by Franchise. The owners will pay a $1,000/day bonus for each day that the GC shortens the construction period and the GC will pay the owners a $1,000/day penalty for each day over the agreed construction time frame. Owners agree that they will provide the GC with material selection choices within 10 days of GC request. If this time line is exceeded the owners will add the equivalent number of days to the contract without penalty to the GC. Also, any owner selected items will be delivered within the construction schedule timelines, and delay on delivery of items will not result in a penalty to the GC.

The following items are included and installed by the GC:

- Granite for all surfaces called out in the plans and specs (to meet Carlson standards)
- Cultured Marble bath surrounds (owners may substitute Mincy Marble and receive a $16,000 materials credit)
- Tile and cove base by Carlson standard
- Interior Signage by Carlson standard
- Swimming pool and half moon spa (owner to provide lift chair)
- Landscaping and irrigation system – meet or exceed city landscaping requirement
- Onity electronic card readers
- 26 gauge MERIDIAN standing seam metal roof ($85,000 credit if owner selects architectural shingle roof)

BANK - 0866

- Phone, data and cable wiring (terminated in rooms)
- CCTV and public area music wiring only (no equipment provided)
- Owner selected lighted fixtures from Carlson prototypical standards (budget $27,135)
- VCT and cove base only in storage room, water heater room, fire sprinkler, and maintenance room
- Parking lot striping
- Wallpaper and installation

The following items are to be provided by the owner and installed by the GC:

- Carpet/pad/carpet base
- Case goods, cabinetry or millwork for the guest bath rooms
- Equipment (washer/dryer, ice machines, vending machines, etc)

The following items are excluded by the GC:

- Cable head-end/termination for phone/data/cabling (no head end/termination in mechanical room)
- Exterior signage
- Undercuts (required by construction testing not indicated on plans) and rock removal
- CCTV, Internet, wireless and telephone systems (back boxes and stub outs for wireless and CCTV provided, owner must indicate locations, no wiring included, conduit provided by GC)
- Builders Risk Insurance
- Impact fees or utility assessments

The following items are not included in this proposal, however, the GC will provide quotes to the owner for:

- Substitution of brick pavers in lieu of stamped concrete under the Porte Cochere
- Adding of CAT6/1PTU wiring in addition to coax cabling for television

We are including a performance bond on this project. This initial proposal will be used as the template for the contract. Signing this proposal constitute a good faith commitment by the owners to the GC is acting exclusively as the owner's contractor for this project. GC will provide contract, schedule of values and construction schedule to the owners.

Alan Harrison

Andy Patel

BANK - 0867

# CORRECTION TO FIXED CONTRACT

Article 9.4 of the Fixed Contract Agreement dated August 8th, 2008 between Tribuilt
Construction Group, LLC (Contractor) and NISHA, LLC (Owner) shall be corrected from the
original version:

"9.4    The Contractor shall provide a performance bond or other necessary guarantee to
satisfy the Owners lender of Contractors ability to complete the above project."

To the following:

"9.4    Contractor shall furnish payment and performance bonds to the Owner equal to
100% of the contract price. The bonds will cover the Contractor's performance under
said contract and the payment of obligations arising there under. The bonds will be
provided by a United States Treasury Listed corporate surety company and will be
executed by an Arkansas Resident Agent. It is understood that the Contractor will bear
the expense of the bonds."

WITNESS our hand and seal on this _____4th_____ day of ___September___, 20_08_.

Signed in the presence of:

_____
Witness

_____
Contractor Signature - Title

_____
Witness

_____
Owner Signature - Title

## ADDENDUM TO THE FIXED CONTRACT
### DATED October 15, 2008

Section 4.3 of the Fixed Contract shall be amended as follows:

"The Owner will retain a 15% retainage against all Contract draw requests with a cap of $375,000."

WITNESS our hand and seal on this _15th_ day of _October_, 20_08_

Signed in the presence of:

_____          _____
Witness                                    Witness

_____          _____
Contractor Signature – Title               Owner Signature – Title

000002

## ADDENDUM TO THE FIXED CONTRACT
DATED October 15, 2008

Addition of Section 9.5 to read as follows:

The above contract price will be divided into 7 work orders which are described below with the designated completion date and value given for each work order.

Work Order #1, Estimated Completion date September 30th, 2008 valued at $110,000.
Items to be completed in this work order include: Site Work, Built and Compact Pad, MEP and Fire Suppression Rough In, Stake Parking Lot.

Work Order #2, Estimated Completion date October 31st, 2008 valued at $445,000.
Items to be completed in this work order include: Pour Piers, Set Anchor Bolts, Erect Structural Steel, Form and Pour Slab, Form and Pour Parking Lot.

Work Order #3, Estimated Completion date November 30th, 2009 valued at $500,000.
Items to be completed in this work order include: Framing through 4th floor and delivery of Materials including trusses, dimensional lumber, decking, sheathing, tyvek, shear wall materials.

Work Order #4, Estimated Completion date December 31st, 2009 valued at $500,000.
Items to be completed in this work order include: Roof Truss installation, Roof Decking, Windows Installation, Pre-Rock, Exterior Doors (except storefront), 50% of Brick Installed, MEP and Fire Suppression Rough In for 4th Floor, Phone, Data and CCTV Rough on 4th Floor.

Work Order #5, Estimated Completion date January 31st, 2009 valued at $660,000.
Items to be completed in this work order include: Metal Roof Installation, Insulation of 4th Floor, Sheetrock (installation, tape and texture) of 4th Floor, Gypcrete 4th Floor, Paint 4th Floor, Tile 4th Floor, Door Frames and Hardware on 4th Floor, MEP and Fire Suppression Rough In and Set out of 4th Floor, PTAC Sleeve Installation all Floors, Exterior Store Front Doors Installed. MEP and Fire Suppression Rough In and Set out for 3rd Floor, Insulation for 3rd Floor, Sheetrock (installation, tape and texture) of 3rd Floor, Gypcrete 3rd Floor, Paint 3rd Floor, Tile 3rd Floor, Door Frames and Hardware on 3rd Floor, Data, Cable and CCTV for 3rd and 4th Floors.

Work Order #6, Estimated Completion date February 28th, 2009 valued at $600,000.
Items to be completed in this work order include: Complete Pool, and EIFS Exterior, MEP and Fire Suppression Rough In and Set out for 2nd Floor, Insulation for 2nd Floor, Sheetrock (installation, tape and texture) of 2nd Floor, Gypcrete 2nd Floor, Paint 2nd Floor, Tile 2nd Floor, Door Frames and Hardware on 2nd Floor. Exterior Lighting, Complete Sidewalks,MEP and Fire Suppression Rough In.

Work Order #7, Estimated Completion date March 31st 2009 valued at $500,000.
Items to be completed in this work order include: MEP Set Out on1st Floor, Insulation for 1st Floor, Sheetrock (installation, tape and texture) of 1st Floor, Gypcrete 1st Floor, Paint 1st Floor, Tile 1st Floor,  Door Frames and Hardware on 1st Floor, Doors and Electronic Locks Installed on all Floors.

Work Order #8, Estimated Completion date April 30th, 2009 valued at $313,000.
Items to be completed in this work order include:  Carpet Installed on All Floors, All Toilet
Accessories, Granite Installation, Front Desk and Reception Counters Installed, FF&E Installed,
Landscaping Installed, Remaining Sidewalks and Stamped Concrete Installed, Punch List and
Touch Up.

Each work order will be individually bonded as required in section 9.4, the bonds will be issued
concurrently as each Work Order is completed and will total the full amount of this contract.

WITNESS our hand and seal on this _15th_ day of _October_, 2008.

Signed in the presence of:

_____          _____
Witness                            Witness

_____          _____
Contractor Signature - Title       Owner Signature - Title

000004

## AUTHORIZATION TO RELEASE PAYMENT
### DATED October 15, 2008

As per required by the Fixed Contract to build the Country Inns and Suites hotel located at 750 Amity Road, Conway, AR between Nisha, LLC and Tribuilt Construction Group, LLC, dated August 8th, 2008, Nisha, LLC is authorizing the bank of record for this project, Community Bank, to release the final payment due to Tribuilt Construction Group, LLC upon demand by said contractor. Per section 16.3 and 16.2 of the Fixed Contract, the Contractor agrees to supply the Owner and Lender with copies of the Certificate of Occupancy issued by the City of Conway and a satisfactory completion letter from Carlson, Inc that the hotel is complete.  Upon receipt of these items, the Contractor will provide full unconditional lien waivers for said project.

WITNESS our hand and seal on this _15th_ day of _October_, 20_08_.

Signed in the presence of:

_____            _____
Witness                                      Witness

_____            _____
Community Bank - Title                       Owner Signature - Title

000005

# WORK ORDER #1
## COUNTRY INNS AND SUITES
DATED October 15, 2008

Work Order #1, is authorized to begin, estimated completion date September 30th, 2008 valued at $110,000. Items to be completed in this work order include: Site Work, Built and Compact Pad, MEP and Fire Suppression Rough In, Stake Parking Lot.

WITNESS our hand and seal on this ___15th___ day of ___October___, 20_08_.

Signed in the presence of:

_____
Witness

_____
Witness

_____
Contractor Signature - Title

_____
Owner Signature - Title

EXHIBIT
B

000001

N 00889

## WORK ORDER #2
## COUNTRY INNS AND SUITES
DATED October 15, 2008

Work Order #2, is authorized to begin, estimated completion date October 31st, 2008 valued at $445,000. Items to be completed in this work order include: Pour Piers, Set Anchor Bolts, Erect Structural Steel, Form and Pour Slab, Form and Pour Parking Lot.

WITNESS our hand and seal on this _15th_ day of _October_, 20_08_.

Signed in the presence of:

_____          _____
Witness                          Witness

_____ managing member   _____ A.C. Beel
Contractor Signature - Title      Owner Signature - Title

000007

A.c

# WORK ORDER #3
## COUNTRY INNS AND SUITES
DATED November 19, 2008

Work Order ##3, Estimated Completion date December 30th, 2009 valued at $500,000. Items to be completed in this work order include: Framing through 4th floor and delivery of Materials including trusses, dimensional lumber, decking, sheathing, tyvek, shear wall materials.

WITNESS our hand and seal on this ___21___ day of ___Nov.___, 200 8

Signed in the presence of:

_____
Witness

_____
Contractor Signature – Title

_____
Witness

_____
Owner Signature – Title

000012

# WORK ORDER #4
## COUNTRY INNS AND SUITES
DATED January 29, 2009

Work Order #4, Estimated Completion date February 28th, 2009 valued at $500,000.
Items to be completed in this work order include: Roof Truss installation, Roof Decking,
Windows Installation, Pre-Rock, Exterior Doors (except storefront), 50% of EIFS Installed, MEP
and Fire Suppression Rough In for 4th Floor, Phone, Data and CCTV Rough on 4th Floor.

WITNESS our hand and seal on this _____29th_____ day of _January_____, 20 09 .
Signed in the presence of:

_____
Witness

_____                    _____
Contractor Signature - Title                                              Witness

                                                                               _____
                                                                               Owner Signature - Title

000016

03/18/2009 23:10 FAX   5019822827          SUPER 8 JAX                                    ☑001/001   27

# WORK ORDER #5
## COUNTRY INNS AND SUITES
### DATED March 13, 2009

Work Order #5, Estimated Completion date March 31st, 2009 valued at $660,000. Items to be completed in this work order include Metal Roof Installation, Insulation of 4th Floor, Sheetrock (installation, tape and texture) of 4th Floor, Gypcrete 4th Floor, Paint 4th Floor, Tile 4th Floor, Door Frames and Hardware on 4th Floor, MEP and Fire Suppression Rough In and Set out of 4th Floor, PTAC Sleeve Installation all Floors, Exterior Store Front Doors Installed. MEP and Fire Suppression Rough In and Set out for 3rd Floor, Insulation for 3rd Floor, Sheetrock (installation, tape and texture) of 3rd Floor, Gypcrete 3rd Floor, Paint 3rd Floor, Tile 3rd Floor, Door Frames and Hardware on 3rd Floor, Data, Cable and CCTV for 3rd and 4th Floors.

WITNESS our hand and seal on this _____13th_____ day of __March_____, 20 09.
Signed in the presence of:

_____
Witness

_____
Witness

_____
Contractor Signature - Title

_____
Owner Signature - Title

000019

Apr 21 2009 12:28PM   Comfort Inn

501 985 4819

P.2

# WORK ORDER #6
## COUNTRY INNS AND SUITES
DATED April 20, 2009

Work Order #6, Estimated Completion date April 30th, 2009 valued at $600,000.
Items to be completed in this work order include: Complete Pool, and EIFS Exterior, MEP and
Fire Suppression Rough In and Set out for 2nd Floor, Insulation for 2nd Floor, Sheetrock
(installation, tape and texture) of 2nd Floor, Gypcrete 2nd Floor, Paint 2nd Floor, Tile 2nd Floor,
Door Frames and Hardware on 2nd Floor. Exterior Lighting, Complete Sidewalks, MEP and Fire
Suppression Rough In.

WITNESS our hand and seal on this ___21st___ day of __April__ , 20_09_ .
Signed in the presence of:

_____          _____
Witness                                           Witness

_____          _____
Contractor Signature - Title                 Owner Signature - Title

000023

Apr 21 2009 12:28PM  Comfort Inn

501 985 4819

# WORK ORDER #7
## COUNTRY INNS AND SUITES
DATED April 20, 2009

Work Order #7, Estimated Completion date May 21st, 2009 valued at $500,000.
Items to be completed in this work order include:  MEP Set Out on1st Floor, Insulation for 1st Floor, Sheetrock (installation, tape and texture) of 1st Floor, Paint 1st Floor, Tile 1st Floor, Door Frames and Hardware on 1st Floor, Doors and Electronic Locks Installed on all Floors.

WITNESS our hand and seal on this _____ 21st _____ day of __April__, 20 09 .
Signed in the presence of:

_____          _____
Witness                                          Witness

_____          _____
Contractor Signature - Title                      Owner Signature - Title

000027

# WORK ORDER #8
## COUNTRY INNS AND SUITES
DATED May 7, 2009

Work Order #8, Estimated Completion date June 30th, 2009 valued at $313,000. Items to be completed in this work order include: Carpet Installed on All Floors, All Toilet Accessories, Granite Installation, Front Desk and Reception Counters Installed, FF&E Installed, Landscaping Installed, Remaining Sidewalks and Stamped Concrete Installed, Punch List and Touch Up.

WITNESS our hand and seal on this ____ 7th ____ day of __May__ , 20 09 .
Signed in the presence of:

_____  
Witness

_____  
Contractor Signature - Title

_____  
Witness

_____  
Owner Signature - Title

000031



**International Fidelity**

*INSURANCE COMPANY*

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:                    Bond Number    **LRIFSU 0361508**

That **TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917** , as Principal, hereinafter called Contractor, and **International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207** , as Surety, hereinafter called Surety, are held and firmly bound unto **NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076** , as Obligee, hereinafter called Owner, in the amount of **One Hundred Ten Thousand and 00/100————Dollars ($ 110,000.00     )**, for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Contractor has by written agreement dated **August 8, 2008 and Addendum dated October 15, 2008** entered into a contract with Owner for **Country Inns and Suites, 750 Amity Road, Conway, AR 72032, ~~complete the~~ Site work, Built and Compact Pad, MEP and Fire Suppression Rough In, Stake Parking Lot** in accordance with drawings and specifications prepared by **Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903** which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

The Surety hereby waives notice of any alteration or extension of time made by the Owner.

Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

(1)  Complete the Contract in accordance with its terms and conditions, or

(2)  Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this **20th** day of **October, 2008.**

_____
(WITNESS)

By:  _____ TriBuilt Construction Group, LLC          (Seal)

_____
Alan Harrison,                    Managing Member(Title)

_____
(WITNESS)

International Fidelity Insurance Company

By:  _____
Becky Tipton,          Attorney-In-Fact          000002

EXHIBIT
C

BANK - 0938

Tel (973) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY, JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3 of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and;

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the herein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY, that the seal affixed to said instrument is the Corporate Seal of said Company, that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

### CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked, and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this 20th day of October 2008

Assistant Secretary


**International Fidelity**
INSURANCE COMPANY

Bond number I.RIFSU 0361598

## LABOR & MATERIAL PAYMENT BOND

THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal, hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207, as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of One Hundred Ten Thousand and 00/100-----------Dollars ($110,000.00), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated August 9, 2008 and Addendum dated October 15, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #1, site work, Built and Compact Pad, MEP and Fire Suppression Rough In, Stake Parking Lot in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien be presented under and against this bond.

Signed and sealed this 20th day of October, 2008.

_____
(WITNESS)

_____
(WITNESS)

By: _____   (Seal)
TriBuilt Construction Group, LLC
Alan Harrison,   Managing Member(Title)

International Fidelity Insurance Company
By: _____
Becky Tipton,   Attorney-in-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

**KNOW ALL MEN BY THESE PRESENTS:** That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

> SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY, JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON
>
> Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

STATE OF NEW JERSEY
County of Essex

INTERNATIONAL FIDELITY INSURANCE COMPANY

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this **20th** day of **October** **2008**

000005

Assistant Secretary

BANK - 0923



# International Fidelity
## INSURANCE COMPANY

**IFIC**

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:            Bond Number    LRIFSU 0361509

That  TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 , as Principal, hereinafter called Contractor, and  International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207 , as Surety, hereinafter called Surety, are held and firmly bound unto  NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076 , as Obligee, hereinafter called Owner, in the amount of  Four Hundred Forty Five Thousand and 00/100————— Dollars ($445,000.00) for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Contractor has by written agreement dated August 8, 2008 and Addendum dated October 15, 2008  entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #2, Pour Piers, Set Anchor Bolts, Erect Structural Steel, Form and Pour Slab, Form and Pour Parking Lot  in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

The Surety hereby waives notice of any alteration or extension of time made by the Owner.

Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

(1)  Complete the Contract in accordance with its terms and conditions, or

(2)  Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this  20th   day of  October, 2008.

_____
(WITNESS)

(Seal)

By:    TriBuilt Construction Group, LLC

_____   Managing member
Alan Harrison,                    Managing Member(Title)

_____
(WITNESS)

International Fidelity Insurance Company

By: _____   000009
Becky Tipton,          Attorney-In-Fact

BANK - 0940

Tel (972) 524-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY, that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this _____20th_____ day of _____October_____ 2008.

Assistant Secretary



**International Fidelity**
*INSURANCE COMPANY*

<u>Bond number LRIFSU 0361509</u>

## LABOR & MATERIAL PAYMENT BOND
#### THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That <u>TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917</u> as Principal, hereinafter called Principal, and <u>International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207</u>, as Surety, hereinafter called Surety, are held and firmly bound unto <u>NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076</u>, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of <u>Four Hundred Forty Five Thousand and 00/100————Dollars ($445,000.00 )</u>, for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated <u>August 8, 2008 and Addendum dated October 15, 2008</u> entered into a contract with Owner for <u>Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #2, Pour Piers, Set Anchor Bolts, Erect Structural Steel, Form and Pour Slab, Form and Pour Parking Lot</u> in accordance with drawings and specifications prepared by<u>Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903</u> which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental ofequipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this 20th day of <u>October</u>, 2008 .

_____
(WITNESS)

_____
(WITNESS)

**BANK - 0924**

(Seal)

By: TriBuilt Construction Group, LLC

_____  *managing member*
Alan Harrison,        Managing Member(Title)

000010

International Fidelity Insurance Company

By: _____
Becky Tipton,        Attorney-In-Fact

IFS (9/93) 024-7263

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

**KNOW ALL MEN BY THESE PRESENTS:** That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1)  To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2)  To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal,
at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this   20th   day of   October      2008

Assistant Secretary



# International Fidelity
## INSURANCE COMPANY

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:                    Bond Number    **LRIFSU 0361511**

That  **TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917** , as Principal, hereinafter called Contractor, and  **International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207** , as Surety, hereinafter called Surety, are held and firmly bound unto **NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076** , as Obligee, hereinafter called Owner, in the amount of  **Five Hundred Thousand and 00/100————————Dollars** (**$ 500,000.00     ** ), for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Contractor has by written agreement dated **August 8, 2008 and Addendum dated November 19, 2008** entered into a contract with Owner for **Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #3, Framing through 4th Floor and Delivery of Materials including Trusses, Dimensional Lumber, Decking, Sheathing, Tyvek, Shear Wall Materials** in accordance with drawings and specifications prepared by **Hunniston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903** which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

The Surety hereby waives notice of any alteration or extension of time made by the Owner.

Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

(1) Complete the Contract in accordance with its terms and conditions, or

(2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this 25th day of **November, 2008.**

BANK - 0942

(Seal)

(WITNESS)

By:    TriBuilt Construction Group, LLC

Alan Harrison,            Managing Member(Title)

International Fidelity Insurance Company

By:

Angela Reeves
(WITNESS)

Becky Tipton,      Attorney-In-Fact

000013

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he/she is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov 21, 2005

CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this 25th day of November, 2008.

Assistant Secretary



**International Fidelity**
*INSURANCE COMPANY*

Bond number LRIFSU 0361512

## LABOR & MATERIAL PAYMENT BOND
**THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT**

KNOW ALL MEN BY THESE PRESENTS:

That <u>TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917</u> as Principal, hereinafter called Principal, and <u>International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207</u> , as Surety, hereinafter called Surety, are held and firmly bound unto <u>NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076</u>, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of <u>Five Hundred Thousand and 00/100——————Dollars ($500,000.00 )</u>, for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated <u>August 8, 2008 and Addendum dated November 19, 2008</u> entered into a contract with Owner for <u>Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #3, Framing through 4th Floor and Delivery of Materials including Trusses, Dimensional Lumber, Decking, Sheathing, Tyvek, Shear Wall Materials</u> in accordance with drawings and specifications prepared by <u>Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903</u> which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.
2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.
3. No suit or action shall be commenced hereunder by any claimant:
a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.
b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.
c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.
4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this 25th day of November , 2008 .

_____
(WITNESS)

(Seal)

By: Tribuilt Construction Group, LLC
_____
Alan Harrison,       Managing Member(Title)

_____
(WITNESS)

International Fidelity Insurance Company
By: _____
Becky Tipton, /       Attorney-In-Fact

000014

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

STATE OF NEW JERSEY
County of Essex

INTERNATIONAL FIDELITY INSURANCE COMPANY

Vice-President

On this 31st day of August, 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this   25th   day of   November   2008.

Assistant Secretary



# International Fidelity
## INSURANCE COMPANY

**IFIC**
*Suretyship*
*since 1904*

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:                **Bond Number    LRIFSU 0493439**

That **TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917**, as Principal, hereinafter called Contractor, and **International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207**, as Surety, hereinafter called Surety, are held and firmly bound unto **NISHA, LLC, Andy Patel, Managing Member, 1850 John Harden Drive, Jacksonville, AR 72076**, as Obligee, hereinafter called Owner, in the amount of **Five Hundred Thousand and 00/100————————Dollars ($ 500,000.00   )**, for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Contractor has by written agreement dated **August 8, 2008 and Addendum dated November 19, 2008** entered into a contract with Owner for **Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #4, Roof Truss Installation, Roof Decking, Windows Installation, Pre-Rock, Exterior Doors (except storefront), 50% of EIFS Installed, MEP and Fire Suppression Rough In for 4ᵗʰ Floor, Phone, Data and CCTV Rough on 4ᵗʰ Floor,** in accordance with drawings and specifications prepared by **Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903** which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

The Surety hereby waives notice of any alteration or extension of time made by the Owner.

Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

(1) Complete the Contract in accordance with its terms and conditions, or

(2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this **29th** day of **January, 2009.**

_____
(WITNESS)

(Seal)

By:     TriBuilt Construction Group, LLC

_____    _____
Alan Harrison,        Managing Member (Title)

_____
(WITNESS)

International Fidelity Insurance Company
By: _____
Becky Tipton,     Attorney-In-Fact

000017

BANK - 0944

Tel: (973) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures and facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal,
at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this   29th   day of   January   2009

Assistant Secretary



**International Fidelity**
*INSURANCE COMPANY*

Bond number LRIFSU 0493439

## LABOR & MATERIAL PAYMENT BOND
### THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal, hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207 , as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Five Hundred Thousand and 00/100————Dollars ($500,000.00 ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated August 8, 2008 and Addendum dated November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #4, Roof Truss Installation, Roof Decking, Windows Installation, Pre-Rock, Exterior Doors (except storefront), 50% of EIFS Installed, MEP and Fire Suppression Rough In for 4th Floor, Phone, Data and CCTV Rough on 4th Floor, in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien be presented under and against this bond.

Signed and sealed this 29th day of January , 2009 .

BANK - 0928

(Seal)

(WITNESS)

By: TriBuilt Construction Group, LLC

Alan Harrison,    Managing Member(Title)

000018

International Fidelity Insurance Company

(WITNESS)

By:

Becky Tipton,    Attorney-In-Fact

(973) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

**SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK,**
**JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, THOMAS L. COOLEY,**
**BECKY TIPTON**

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

STATE OF NEW JERSEY
County of Essex

INTERNATIONAL FIDELITY INSURANCE COMPANY

*Vice-President*

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said he is the therein described and authorized officer of the   INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

### CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON FILE IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this   29th   day of   January   2009

*Assistant Secretary*



# International Fidelity
## INSURANCE COMPANY

**IFIC**
*Suretyship since 1904*

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:    Bond Number  <u>LRIFSU 0493443</u>

That  <u>TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917</u> , as Principal, hereinafter called Contractor, and  <u>International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207</u> , as Surety, hereinafter called Surety, are held and firmly bound unto <u>NISRA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076</u> , as Obligee, hereinafter called Owner, in the amount of  <u>Six Hundred SixtyThousand and 00/100————Dollars ($ 660,000.00  )</u>, for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

    WHEREAS, Contractor has by written agreement dated <u>August 8, 2008 and Addendum dated November 19, 2008</u> entered into a contract with Owner for <u>Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #5, Metal Roof Installation, (Fourth Floor - Insulation, Sheetrock, Gypcrete, Paint, Tile, Door Frames and Hardware, MEP and Fire Suppression Rough In and Set out), PTAC Sleeve Installation all Floors, Exterior Store Front Doors Installed. (Third Floor - MEP and Fire Suppression Rough In and Set out, Insulation, Sheetrock, Gypcrete, Paint, Tile, Door Frames and Hardware), and Data, Cable and CCTV for 3rd and 4th Floors,</u> in accordance with drawings and specifications prepared by <u>Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903</u> which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

    NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

    The Surety hereby waives notice of any alteration or extension of time made by the Owner.

    Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

    (1) Complete the Contract in accordance with its terms and conditions, or

    (2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

    Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

    No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this <u>13th</u> day of <u>March, 2009.</u>

                                                       (Seal)

_____     By: ___ <u>TriBuilt Construction Group, LLC</u>
(WITNESS)

                             _____
                             Alan Harrison,          Managing Member(Title)

_____     International Fidelity Insurance Company
(WITNESS)                By: _____
                             Becky Tipton,     Attorney-In-Fact

000020



**International Fidelity**
*INSURANCE COMPANY*

Bond number LRIFSU 0493443

## LABOR & MATERIAL PAYMENT BOND
**THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT**

KNOW ALL MEN BY THESE PRESENTS:

That **TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917** as Principal, hereinafter called Principal, and **International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207** , as Surety, hereinafter called Surety, are held and firmly bound unto **NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076,** as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of **Six Hundred Sixty Thousand and 00/100————Dollars ($660,000.00 )**, for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated **August 8, 2008 and Addendum dated November 19, 2008** entered into a contract with Owner for **Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #5, Metal Roof Installation, (Fourth Floor – Insulation, Sheetrock, Gypcrete, Paint, Tile Door Frames and Hardware, MEP and Fire Suppression Rough In and Set out), PTAC Sleeve Installation all Floors, Exterior Store Front Doors Installed, (Third Floor – Insulation, sheetrock, Gypcrete, Paint, Tile, Door Frames and Hardware), Data, Cable and CCTV for 3rd and 4th Floors,** in accordance with drawings and specifications prepared by **Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903** which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this   13th   day of   March , 2009 .

_____
(WITNESS)

_____
(WITNESS)

**BANK - 0930**

(Seal)

By:   TriBuilt Construction Group, LLC

_____
Alan Harrison,        Managing Member(Title)

**000021**

International Fidelity Insurance Company

By:
_____
Becky Tipton.        Attorney-In-r

(e) (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. MILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, 1998.

STATE OF NEW JERSEY
County of Essex

INTERNATIONAL FIDELITY INSURANCE COMPANY

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal,
at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this 13th day of March 2009.

Assistant Secretary



# International Fidelity
## INSURANCE COMPANY

**IFIC**
*Suretyship since 1904*

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:      Bond Number    **LRIFSU 0493444**

That **TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917**, as Principal, hereinafter called Contractor, and **International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207**, as Surety, hereinafter called Surety, are held and firmly bound unto **NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076**, as Obligee, hereinafter called Owner, in the amount of **Six Hundred Thousand and 00/100-----------Dollars ($ 600,000.00   )**, for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

    WHEREAS, Contractor has by written agreement dated **August 8, 2008 and Addendum dated November 19, 2008** entered into a contract with Owner for **Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #6, Complete Pool and EIFS Exterior, (Second Floor - MEP and Fire Suppression Rough In and Set out, Insulation, Sheetrock, Gyperete, Paint, Tile, Door Frames and Hardware), Exterior Lighting, Complete Sidewalks, MEP and Fire Suppression Rough In**, in accordance with drawings and specifications prepared by **Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903** which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

    NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

    The Surety hereby waives notice of any alteration or extension of time made by the Owner.

    Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

    (1) Complete the Contract in accordance with its terms and conditions, or

    (2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

    Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

    No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this **20th** day of **April, 2009.**

                                                             (Seal)

_____
(WITNESS)

By: _____ **TriBuilt Construction Group, LLC**

_____
Alan Harrison,                Managing Member(Title)

000024

_____
(WITNESS)

             **International Fidelity Insurance Company**
By: _____
      Becky Tipton,        Attorney-In-Fact

BANK - 0946



**International Fidelity**
INSURANCE COMPANY

Bond number LRIFSU 0493444

## LABOR & MATERIAL PAYMENT BOND
THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal, hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207, as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Six Hundred Thousand and 00/100———Dollars ($600,000.00 ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated August 8, 2008 and Addendum dated November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #6, Complete Pool and EIFS Exterior, (Second Floor – MEP and Fire Suppression Rough In and Set out, Insulation, Sheetrock, Gyperete, Paint, Tile, Door Frames and Hardware), Exterior Lighting, Complete Sidewalks, MEP and Fire Suppression Rough In, in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this 20th day of April, 2009.

BANK - 0932

(Seal)

_____ (WITNESS)

By: TriBuilt Construction Group, LLC

_____
Alan Harrison,       Managing Member(Title)

000025

_____ (WITNESS)

International Fidelity Insurance Company

By: _____
Becky Tipton       Attorney-In-Fact

TEL (973) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY
HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

**SHANNON C. SCHMIDT, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,**
**JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON**

**Fort Smith, AR.**

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority
(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,
(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

STATE OF NEW JERSEY
County of Essex

INTERNATIONAL FIDELITY INSURANCE COMPANY

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2003

**CERTIFICATION**

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this          20th    day of       April      2009

Assistant Secretary



# International Fidelity
## INSURANCE COMPANY

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:            Bond Number   <u>LRIFSU 0493446</u>

That <u>TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917</u> , as Principal, hereinafter called Contractor, and <u>International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207</u> , as Surety, hereinafter called Surety, are held and firmly bound unto <u>NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076</u> , as Obligee, hereinafter called Owner, in the amount of <u>Five Hundred Thousand and 00/100————Dollars</u> (<u>$ 500,000.00</u>   ), for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

    WHEREAS, Contractor has by written agreement dated <u>August 8, 2008 and Addendum dated November 19, 2008</u> entered into a contract with Owner for <u>Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #7, MEP Set Out on 1st Floor, Insulation for 1st Floor, Sheetrock(installation, Tape and Texture) of 1st Floor, Paint 1st Floor, Tile 1st Floor, Door Frames and Hardware on 1st Floor, Doors and Electronic Locks Installed on all Floors,</u> in accordance with drawings and specifications prepared by <u>Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903</u> which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

    NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

    The Surety hereby waives notice of any alteration or extension of time made by the Owner.

    Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

    (1) Complete the Contract in accordance with its terms and conditions, or

    (2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

    Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

    No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this 20th day of April, 2009.

                                                  (Seal)

_____      By:   TriBuilt Construction Group, LLC
     (WITNESS)

                                            Managing Member
                     Alan Harrison,        Managing Member(Title)

                                         000028

_____     International Fidelity Insurance Company
     (WITNESS)                By: _____
                            Becky Tipton,    Attorney-In-Fact

BANK - C

Tel. (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLSY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt.

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal,
at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this 20th day of April 2009

Assistant Secretary



**International Fidelity**
INSURANCE COMPANY

Bond number  I.RIFSU 0493446

## LABOR & MATERIAL PAYMENT BOND
**THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT**

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal, hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207, as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Five Hundred Thousand and 00/100————Dollars ($500,000.00 ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated August 8, 2008 and Addendum dated November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #7, MEP Set Out on 1st Floor, Insulation for 1st Floor, Sheetrock (Installation, tape and texture) of 1st Floor, Paint 1st Floor, Tile 1st Floor, Door Frames and Hardware on 1st Floor, Doors and Electronic Locks Installed on all Floors, in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this 20th day of April, 2009.

BANK - 0934

(Seal)

(WITNESS)

By: TriBuilt Construction Group, LLC

Alan Harrison,      Managing Member (Title)

International Fidelity Insurance Company

000029

(WITNESS)

By:

Becky Tipton,      Attorney-In-I

[(973) 624-7200]

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, THOMAS L. COOLEY,

FORT Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 19th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

STATE OF NEW JERSEY
County of Essex

INTERNATIONAL FIDELITY INSURANCE COMPANY

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this      20th      day of      April      2009

Assistant Secretary



# International Fidelity
## INSURANCE COMPANY

**IFIC**
*Suretyship
since 1904*

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:                    **Bond Number    LRIFSU 0493447**

That **TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917** , as Principal, hereinafter called Contractor, and **International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207** , as Surety, hereinafter called Surety, are held and firmly bound unto **NISHA, LLC, Andy Patel, Managing Member, 1850 John Harden Drive, Jacksonville, AR 72076** , as Obligee, hereinafter called Owner, in the amount of **Three Hundred Thirteen Thousand and 00/100-----Dollars ($ 313,000.00    )**, for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Contractor has by written agreement dated **August 8, 2008 and Addendum dated November 19, 2008** entered into a contract with Owner for **Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #8, Carpet Installed on All Floors, All Toilet Accessories, Granite Installation, Front Desk and Reception Counters Installed, FF&E Installed, Landscaping Installed, Remaining Sidewalks and Stamped Concrete Installed, Punch List and Touch Up,** in accordance with drawings and specifications prepared by **Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903** which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

The Surety hereby waives notice of any alteration or extension of time made by the Owner.

Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

(1) Complete the Contract in accordance with its terms and conditions, or

(2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this **7th** day of **May, 2009.**

_____ (WITNESS)

_____ (WITNESS)

BANK - 0950

(Seal)

By: _____ **TriBuilt Construction Group, LLC**

_____
Alan Harrison,                  Managing Member(Title)

000032

**International Fidelity Insurance Company**

By: _____
Becky Tipton,              Attorney-In-Fact

No. 975   04-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY
HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

**SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY, JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON**

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, and

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex



Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this   7th   day of   May   2009

Assistant Secretary



**International Fidelity**
**INSURANCE COMPANY**

Bond number  LRIFSU 0493447

## LABOR & MATERIAL PAYMENT BOND
### THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
### OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal, hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207 , as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Three Hundred Thirteen Thousand and 00/100———Dollars ($313,000.00), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated August 8, 2008 and Addendum dated November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #8, Carpet Installed on All Floors, All Toilet Accessories, Granite Installation, Front Desk and Reception Counters Installed, FF&E Installed, Landscaping Installed, Remaining Sidewalks and Stamped Concrete Installed, Punch List and Touch Up, in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this 7th  day of May , 2009 .

BANK - 0936

(Seal)

_(signature)_
(WITNESS)

By:  TriBuilt Construction Group, LLC

_(signature)_

Alan Harrison,          Managing Member(Title)

000033

_(signature)_
(WITNESS)

International Fidelity Insurance Company

By:  _(signature)_

Becky Tipton,          Attorney-In-F

(973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY
HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August, 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal,
at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this 7th day of May 2009

Assistant Secretary